IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CASE NO.

MORRIS EARNEST,

    Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC.,

    Defendant.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, EARNEST MORRIS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Jackson, and City of Graceville.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, NCO FINANCIAL SYSTEMS, INC. ("Defendant") or ("NCO") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8.   Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9.   Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10.   Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11.   Defendant sent Plaintiff written communication dated October 6, 2010 in which it stated that Plaintiff owed an alleged debt of $4,123.19, when in fact, Plaintiff's debt was only $2,627.23. (See October 6, 2010 correspondence, attached hereto as Exhibit "A").  [Plaintiff had been making payments to the original creditor (CitiBank), which were accepted pursuant to an agreement with a previous third party debt collector, and which Defendant failed to apply to the alleged debt.]

12.   Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

13. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

14. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

15. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12.

16. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 11th day of January, 2011.

        Respectfully submitted,
        **MORRIS EARNEST**

        By: s/ Alex D. Weisberg
        ALEX D. WEISBERG
        FBN: 0566551
        WEISBERG & MEYERS, LLC
        ATTORNEYS FOR PLAINTIFF
        5722 S. Flamingo Rd, Ste. 656
        Cooper City, FL 33330
        (954) 212-2184
        (866) 577-0963 fax
        aweisberg@attorneysforconsumers.com